**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv410**

| | |
|---|---|
| KARIMAH ABDUS-SALAAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| Vs. ) | **DECISION AND ORDER** |
| ) | |
| BILL MADDALON UNIQUE ) | |
| SOUTHERN ESTATES; CAROLYN ) | |
| JORDAN; EMPLOYMENT SECURITY ) | |
| COMMISSION OF NORTH CAROLINA; ) | |
| and JOSEPH D. PEARLMAN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant Billy Maddalon's and Carolyn Jordan's (hereinafter "employer defendants") Motion for Summary Judgment (#33) as well as defendants Employment Security Commission of North Carolina's and Joseph D. Pearlman's (hereinafter "state defendants") Motion to Dismiss (#25). An Order was earlier entered in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff, who is proceeding *pro se*, of her burden in responding to a motion for summary judgment. Within the time allowed, plaintiff filed responses to both pending motions. See Docket Entries #36 & #37.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

From the outset, the court will note that Local Civil Rule 7.1(C) requires that "[f]actual contentions shall be supported as specifically as possible by citation to exhibit number and page." Such rule has not been strictly adhered to the moving defendants. Further, the court notes that the employer defendants have not adhered to Rule 56(c), Federal Rules of Civil Procedure, which

requires as follows:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c). These oversights have made it difficult to discern not only what facts are in dispute, but what facts are material.

The employer defendant's statement of undisputed facts appears to be drawn from the Affidavits of Billy Maddalon and Carolyn Jordan.[1] Docket Entries #34-1 & #34-2. While the affidavits clearly support each factual assertion in the "Statement of the Case," such assertions are not "undisputed facts" inasmuch as plaintiff has submitted contrary averments in her *verified* complaint. See Fed.R.Civ.P. Rule 56(c)(3)("The court need consider only the cited materials, but it may consider other materials in the record").

As the court must do on summary judgment, it will consider disputed facts in a light most favorable to the party resisting summary judgment. There is a genuine issue of fact as to whether plaintiff quit her job on June 21, 2010, or whether she was fired on June 22, 2010. While Ms. Jordan avers that plaintiff quit on June 21, 2010, Jordan Aff. At ¶¶ 11-12, plaintiff avers in her verified Complaint that she was fired on June 22, 2010: "I never said I quit she said well that what she thought then she said your fired." Complaint at p. 9 (errors in the original). Thus, for the limited purpose of the pending motions the court must resolve this disputed fact in favor of plaintiff and will consider that she was terminated from

---

[1] Each factual statement in a brief should be followed by a citation to the source of the statement as well as any source that contradicts the factual statement.

employment.

In moving for summary judgment, the employer defendants have relied on a decision of the North Carolina Employment Security Commission in support of their argument that plaintiff resigned, as follows:

> In this case the Plaintiff has failed to produce admissible evidence to support her allegations that she was terminated from employment, or that the Defendants engaged in any discriminatory conduct. The issue of Plaintiff's separation from employment was addressed at the administrative hearing on September 8, 2010, at which Appeals Referee, Joseph Pearlman, concluded that the Plaintiff left work and was disqualified from receiving unemployment insurance benefits. This decision was affirmed by the Commission, and the Plaintiff failed to properly petition the Superior Court for review of this decision . . . .

Employer defendant's Brief, at p. 5. A determination by the Employment Security Commission of North Carolina (hereinafter "ESC") concerning a claim by the plaintiff for unemployment benefits is <u>inadmissible</u> in a Title VII proceeding. N.C.Gen.Stat. § 96–4(x)(8).

Putting those concerns aside, it appears undisputed that plaintiff was employed by Unique Southern Estates, LLC, doing business as *The Morehead Inn*, in Charlotte, North Carolina, from May 21, 2008, until June 16, 2010. Jordan Aff. At ¶ 4; Complaint at p. 8, ¶ 2. For the limited purpose of the pending motion, the court will assume that on June 22, 2010, plaintiff was terminated from her employment. Complaint, at p. 9, ¶ 1; c.f. Jordan Aff. ¶¶ 11-12.

In her first "Attachment D" to the Complaint (Complaint pp. 7-9), plaintiff avers that she "was discriminated against due to my race and sex . . . ." While not always providing specific dates or names, plaintiff outlines instances during her employment where Caucasian employees were treated more favorably that African-American employees. Complaint, at pp. 7-9. While plaintiff attempts to assert a Title VII claim against the employer defendants,

plaintiff does not, however, allege why she believes her termination was motivated by her race, that she was replaced by a person outside the protected class, or that the job remained unfilled. Construed in a light most favorable to plaintiff, the court considers her claim to be a Title VII racial discrimination wrongful termination claim.[2]

In her second "Attachment D" to the Complaint (Complaint pp. 10-11), plaintiff appears to assert a claim under 42 U.S.C. § 1983 against the state defendants for deprivation of "due process." Read in a light most favorable to plaintiff, she appears to contend that she was denied due process before the ESC because the hearing referee: (1) disallowed introduction of a written statement by a witness who was not present, Compl. At 10-11, and (2) because her appeal to Superior Court of the final agency decision was dismissed by a Superior Court judge. Complaint at p. 11.

Finally, contained within the form Complaint and both "D" attachments is a contention that the employer defendants breached a mediated settlement. Plaintiff appears to contend that a material part of that agreement is that her former employer would give her neutral references and that the employer defendants breached that agreement by providing prospective employers with negative references. Complaint at pp. 4, 9, & 11.

## II. Discussion

### A. The ESC and Mr. Pearlman

#### 1. Nature of Plaintiff's Claim Against the State Defendants

In their Motion to Dismiss made under Rule 12(b)(1), the state defendants argue that any Title VII claim against them should be dismissed as they were not plaintiff's employer. In addition, they argue that any claim related to denial of unemployment benefits should also

---

[2] While plaintiff has also checked the "gender" box on the standard form, there are no factual allegation allegations that she was terminated based on gender. Indeed, plaintiff has alleged that male employees were also fired under this pattern or practice. Complaint p. 7, ¶ 4.

be dismissed because this court lacks jurisdiction to hear such a claim as plaintiff's remedy is found in the North Carolina state courts. State defendants' Brief, at 4. While the state defendants are correct that such claims, if stated, would not be viable in this court as a matter of law, it does not appear that plaintiff has attempted to allege such claims against the state defendants.

Instead, plaintiff's claim against the state defendants is under Section 1983 for an alleged denial of due process based on an evidentiary decision of the ESC appeals referee and the dismissal of her appeal to the state Superior Court. As to that claim, the state defendants argue that Mr. Pearlman, a state appeals referee, was acting within his official capacity when he disallowed admission of a written statement from one of plaintiff's witnesses who was not present at the administrative hearing. Plaintiff has made no claim against Mr. Pearlman in his individual capacity and none can be inferred from the record now before the court. As to plaintiff's concerns as to the decision of the state Superior Court, the state defendants have pointed out that review of that decision is for the state appellate courts, not this federal court.

### 2. Applicable Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. <u>Capron v. Van Noorden</u>, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil

Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### 3. Discussion

In moving to dismiss, the state defendants have invoked Eleventh Amendment

immunity from suit in this court and moved under Rules 12(b)(1) and (b)(2) to dismiss.³ Generally, neither the state nor its employees sued in their official capacities are amenable to suit under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71(1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.") In her response to the state defendants' Motion to Dismiss, plaintiff argues that

> I believe that the court does have jurisdiction because the defendant ... acting under color of law on behalf of the state violated my constitutional right to due process....

Response (#36), at 1. It is understandable why plaintiff is confused, as Section 1983 provides in relevant part as follows:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1982. While Mr. Pearlman is certainly a "person" and a state employee, a suit brought against a state official in his official capacity is treated as an action against the state, which is not a person. Hafer v. Melo, 502 U.S. 21, 25 (1991). Unless a state consents to be sued in this court, the Eleventh Amendment prevents federal courts from asserting jurisdiction over claims for damages against a state filed by a citizen of that state. Edelman v. Jordan, 415 U.S. 651, 662–63(1974). This broad immunity extends to suits arising under

---

³ While the state defendants have raised such issue in conjunction with their Rule 12(b)(1) motion, Brief, at 4, they have also more thoroughly briefed such issue in the context of Rule 12(b)(2). While there is some authority for the position that a dismissal for Eleventh Amendment immunity can be considered under Rule 12(b)(6), Biggs v. Meadows, 66 F.3d 56, 58-59 (4th Cir.1995), it would appear that as between Rules 12(b)(1) and 12(b)(2), dismissal based on Eleventh Amendment immunity is typically treated as a matter of subject matter rather than personal jurisdiction. See Abril v. Virginia, 145 F.3d 182, 184 (4th Cir.1998) (addressing dismissal on Eleventh Amendment grounds as dismissal for lack of subject matter jurisdiction); Republic of Paraguay v. Allen, 134 F.3d 622, 626 (4th Cir.) (same), *cert. denied*, 523 U.S. 371 (1998).

federal law. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72 (1996). Clearly, the state defendants have properly invoked Eleventh Amendment immunity and plaintiff has not made any showing to the contrary.

Finding that neither the State of North Carolina nor its employee Mr. Pearlman, sued in his official capacity, is amenable to suit under Section 1983, the court will dismiss the action as to the state defendants in accordance with Rule 12(b)(1) as the court lacks subject matter jurisdiction over such claims.[4]

### B. Billy Maddalon and Carolyn Jordan

#### 1. Nature of the Claims Against the Individual Employer Defendants

Defendants Billy Maddalon and Carolyn Jordan have moved for summary judgment and supported such motions with their own affidavits. See Motion for Summary Judgment (#33). Reading the Complaint in a light most favorable to plaintiff, she has asserted Title VII claims against these defendants for racial discrimination as well as a supplemental claim for breach of a settlement agreement. It is undisputed that Defendant Maddalon was the owner/manager of Unique Southern Estates, LLC, and that Defendant Jordan was plaintiff's immediate supervisor. Maddalon Aff. At ¶ 4; Jordan Aff. At ¶ 5. It is equally undisputed that plaintiff was employed by Unique Southern Estates, LLC, and that neither of these defendants was her employer.

#### 2. Applicable Standard

Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[4] The court does not reach the state defendants Rule 12(b)(2) & (5) arguments as lack of subject-matter jurisdiction is dispositive.

to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the

> material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979).

In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

### 3. Discussion

It is undisputed that Unique Southern Estates, LLC, was plaintiff's employer. Because an individual supervisor cannot be held liable under Title VII, <u>Lissau v. Southern Food Serv., Inc.</u>, 159 F.3d 177, 180 (4th Cir. 1998),[5] the claims against Mr. Maddalon and Ms. Jordan will be dismissed.

### C. Unique Southern Estates, LLC

Defendants Maddalon and Jordan have also moved to dismiss the Complaint as to "Plaintiff's actual employer Unique Southern Estates, LLC" because it "was not properly named or served as a party Defendant." Employer Defendants' Brief, at 6. Review of plaintiff's Complaint reveals that she named the relevant defendants as follows:

| | | |
|---|---|---|
| 2. | Name of first Defendant:<br>Address: | Unique Southern Estates<br>Billy Maddalon Morehead Inn<br>1122 East Morehead Street<br>Charlotte, NC 28204 |
| 3. | Name of second Defendant:<br>Address: | Unique Southern Estates<br>Carolyn Jordan Morehead Inn<br>1122 East Morehead Street<br>Charlotte, NC 28204 |

Complaint at 2. Review of the summonses issued by the Clerk of Court (#5 & #7) reveals that, in conformity with the Complaint, the summonses named "Unique Southern Estates" then the name of the individual as the party to be served. It was the United States Marshal who, on Form 285, inverted the names, addressing the certified mail to the individual, followed by "Unique Southern Estates." <u>Id.</u> Clearly, plaintiff intended to sue Unique

---

[5] The employer defendants cited the court to <u>Emmons v. Rose's Stores, Inc.</u>, 5 F.Supp.2d 358 (E.D.N.C. 1997), which predates controlling authority.

Southern Estates and the court has little doubt that Unique Southern Estates is well aware of this lawsuit and is likely providing for the defense of its named employees.

A person who is unable to afford paying the filing fee is presumptively unable to pay the costs of service of process. Where as here *in forma pauperis* status is granted,

> [t]he officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

28 U.S.C. § 1915(d). Thus, in an abundance of caution, the court will not dismiss the action as to Unique Southern Estates, LLC, under Rule 12(b)(4) or (5), but consider whether plaintiff has either stated a claim or come forward with sufficient evidence to warrant continuance of the action against the actual employer.

Where, as here, plaintiff lacks any direct evidence of racial discrimination, the court must analyze her claim under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Bonds v. Leavitt, 629 F.3d 369, 386 (4th Cir. 2011).

> To establish a prima facie case of racial discrimination in the enforcement of employee disciplinary measures under Title VII, the plaintiff must show: (1) that he is a member of the class protected by Title VII, (2) that the prohibited conduct in which he engaged was comparable in seriousness to misconduct of employees outside the protected class, and (3) that the disciplinary measures enforced against him were more severe than those enforced against those other employees.

Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993). The allegedly disparate discipline was plaintiff's firing. The Fourth Circuit has held that the *prima facie* case in discriminatory termination suits requires the plaintiff to show:

> (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005); see also Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007).

As discussed above, the court has fully credited plaintiff's Complaint and resolved the issue of her firing (versus resignation) in her favor for purposes of summary judgment. While she does not indicate her race in the Complaint, the court takes notice from the administrative charge of discrimination that plaintiff is African-American. Thus, plaintiff satisfies the first two elements of a *prima facie* case.

While plaintiff can satisfy the first two elements, she has presented no evidence that she was performing her job duties at a level that met her employer's legitimate expectations as it appears undisputed that she refused to work an assigned shift. Even if the court were to resolve the third element in her favor by fully crediting her contention that she was not given sufficient notice of that shift, plaintiff has failed to present any evidence as to the fourth element, which requires a showing that her job either remained open or was filed by someone similarly qualified outside the protected class.[6] Thus, plaintiff has not presented any evidence that could establish each element of a *prima facie* case against her former employer.

In making such determination, the court has closely considered the document (#37) plaintiff tendered in response to the summary judgment motion. Considering each statement in that document, no evidence is provided that would support plaintiff in establishing the fourth element of a *prima facie* case. Summary judgment will be granted in favor of the employer Unique Southern Estates, LLC.

**D.     Supplemental Claim for Breach of the Settlement Agreement**

---

[6] The employer defendants did not reach beyond the prima facie case in their brief by arguing a legitimate business reason for plaintiff's purported termination.

Arguably, plaintiff has brought a claim against Unique Southern Estates, LLC, for breach of a settlement agreement the parties reached on or about October 19, 2010. This alleged breach appears to be at the heart of the dispute between these parties. The key term which plaintiff contends her employer breached was an agreement to provide a neutral reference to future employers. While this court would have supplemental jurisdiction over that claim, the court does not find it either prudent or efficient to retain jurisdiction over such supplemental claim in the absence of a viable federal claim. In <u>Grant v. Adventist HealthSystem Sunbelt Health Care Corp.</u>, 2010 U.S. Dist. LEXIS 29241, at *16 (W.D.N.C. 2010), the court held that "[w]hen the only federal claims are dismissed early in the litigation, a federal court has a 'powerful reason to choose not to continue to exercise jurisdiction.'" Considering that this claim is between plaintiff and her employer, who is arguably not even properly served, and observing that the settlement agreement is a localized controversy between residents of Charlotte, the court will, therefore, dismiss that claim without prejudice as to refiling in state court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) defendant Billy Maddalon's and Carolyn Jordan's Motion for Summary Judgment (#33) is **GRANTED,** and all claims against such defendants are **DISMISSED WITH PREJUDICE**;

(2) defendants Employment Security Commission of North Carolina's and Joseph D. Pearlman's Motion to Dismiss (#25) are **GRANTED**, and all claims asserted against such defendants are **DISMISSED** without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction;

(3) summary judgment is granted in favor of Unique Southern Estates, LLC, on

plaintiff's Title VII claim, and such claim is **DISMISSED WITH PREJUDICE;** and

(4) plaintiff's claim for breach of the mediated settlement agreement is **DISMISSED** without prejudice as to refiling such claim in state court as this court declines to exercise supplemental jurisdiction over such remaining claim.

The Clerk of Court shall enter a Judgment in accordance with this Order.

Signed: May 3, 2012

Max O. Cogburn Jr.
United States District Judge